# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COURTNEY M. HUBBARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil Case No.   07-385-DRH-PMF |
| ) | |
| DONALD HULICK, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

In May 2001, Petitioner Courtney M. Hubbard was convicted of attempted murder and aggravated criminal sexual assault in Madison County Circuit Court. On May 21, 2007, Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to **28 U.S.C. § 2254** challenging the constitutionality of his convictions. Hubbard is in the custody of Respondent Donald Hulick, the warden at Menard Correctional Center. On July 12, 2007, Respondent filed a motion to dismiss Petitioner's petition for writ of habeas corpus as time-barred. (Doc. 10.) Petitioner filed a response in opposition. (Doc. 15.)

### I.   Background

Hubbard was convicted in May 2001. On direct review, the Illinois Court of Appeals affirmed his conviction on June 27, 2003, and the Illinois Supreme Court denied his petition for leave to appeal ("PLA") on October 7, 2003. Respondent asserts, and Petitioner does not deny, that Petitioner did not file a petition for writ of certiorari to the United States Supreme Court.

On April 5, 2004, Hubbard filed a petition in Madison County Circuit Court seeking postconviction relief. Petitioner appealed to the Illinois Appellate Court. Appellate counsel moved to withdraw asserting that the appeal raised no issues of arguable merit. On December 12, 2005, the appellate court granted counsel's motion to withdraw and affirmed the conviction. The postconviction proceedings continued until May 24, 2006, when the Illinois Supreme Court denied Hubbard's petition for leave to appeal from the order denying postconviction relief. Hubbard filed his habeas petition on May 21, 2007.[1]

## II. Motion to Dismiss

Respondent maintains that the petition is barred because it was not timely filed under **28 U.S.C. § 2244(d)(1)**. Hubbard feels the petition is timely because there were periods in which he was locked in his cell, which prevented him from preparing and filing his petition. He invokes the doctrine of equitable tolling. (Doc. 15.) Respondent answers that equitable tolling is not appropriate under these circumstances. (Doc. 16.)

An inmate in state custody who seeks habeas corpus relief must comply with **28 U.S.C. §2254**, **the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA")**. This section provides the prerequisites to habeas relief, which include, inter alia, the exhaustion of state court remedies and a showing that the state courts

---

[1] This reflects the date Hubbard signed the motions accompanying his petition. The Court assumes this is the date he deposited the petition in the prison mail system. *Houston v. Lack*, 487 U.S. 266, 273-74 (1988).

erred in either the law applied to the petitioner's claims or the facts relied upon in making a legal decision. Relevant to the present action, **28 U.S.C. §2244(d)** provides that a habeas petition must be filed within strict time limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Both parties rely on subsection (A), which provides that the limitation period starts running at the conclusion of direct review or the expiration of the time for seeking such review. On this point, respondent suggests that the limitations period began to run on January 6, 2004, ninety days after the denial of Petitioner's PLA on direct appeal; that the limitations period was tolled between April 4, 2004, and May 24, 2006 while Petitioner's postconviction PLA was pending; and that the limitations period expired 86 days before May 21, 2007 when Petitioner filed his petition in this Court.

Respondent is correct that Petitioner's application was untimely. The only question left for the Court is whether the one-year limitation period should be tolled based on the doctrine of equitable tolling. The only explanation Petitioner offers for why his application was untimely is that Menard Correctional Center, the institution where Petitioner is housed, was on lock-down status at various times over the one-year

limitation period and that Petitioner did not have adequate access to the law library during lock-down periods. Under Seventh Circuit jurisprudence, "equitable tolling excuses an untimely filing when, despite exercising reasonable diligence, a petitioner could not have learned the information he needed in order to file on time." ***Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006).** Equitable tolling is limited to "extraordinary circumstances," ***Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006)**, and is "rarely granted." ***Jones*, 449 F.3d at 789.** In *Jones*, the Court held that a petitioner's placement in segregation, during which time he had no access to the law library; limited library access at other times; and delays in receiving mail were insufficient to justify equitable tolling. Petitioner has failed to convince the Court that equitable tolling would be justified under these circumstances, especially considering that equitable tolling is limited to "extraordinary circumstances," and is "rarely granted." Therefore, Respondent's motion to dismiss should be granted. (Doc. 10.)

### III. Conclusion

For the reasons set forth above the Court **GRANTS** Respondent's motion to dismiss (Doc. 10) and **DISMISSES with prejudice** Petitioner's petition for writ of habeas corpus as time-barred (Doc. 1). Clerk to enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 13th day of March, 2008.

/s/ David R Herndon
**Chief Judge
United States District Court**