IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**COURTNEY M. HUBBARD,**

**Petitioner,**

**v.**

**DONALD HULICK,**

**Respondent.**                                              **Civil No. 07-cv-385-DRH**

## ORDER

**HERNDON, Chief Judge:**

Now before the Court is Petitioner's motion for leave to appeal in forma pauperis (Doc. 21) and Petitioner's motion for certificate of appealability (Doc. 19). Petitioner seeks to appeal this Court's March 17, 2008 Order (Doc. 17) granting Respondent's motion to dismiss (Doc. 10) and dismissing with prejudice Petitioner's writ of habeas corpus filed pursuant to **28 U.S.C. § 2254** as time-barred (Doc. 1). Pursuant to **28 U.S.C. § 2253** the Petitioner may not proceed on appeal without a certificate of appealability. **Section 2253(c)(2)** provides that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Further, **§ 2253(c)(3)** provides that the "certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2)." In Petitioner's motion for certificate of appealability, Petitioner claims that he has made a substantial showing that his Fourteenth Amendment rights have been violated. Petitioner further asserts in his

motion for leave to appeal in forma pauperis that he is appealing the issue of equitable tolling. In its March 17, 2008 Order, the Court dismissed the petition on purely procedural grounds finding that the petition was untimely under **28 U.S.C. § 2244(d)(1)** and that equitable tolling would not be appropriate under the circumstances. Having dismissed the case on procedural grounds, the Court did not reach the merits of Petitioner's constitutional claims.

In ***Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)**, the United States Supreme Court explained how a district court should evaluate a request for a certificate of appealability. When a district court has denied a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." ***Id.* at 484**. When a district court has denied a petitioner's constitutional claims on procedural grounds "without reaching the prisoner's underlying constitutional claims," a COA should issue if jurists of reason could debate whether the petition states a valid claim of denial of a constitutional right and whether the district court was correct in its procedural ruling. ***Id.* at 478**. "If success on a non-constitutional issue is essential (compliance with the statute of limitations is a good example), and there is no substantial argument that the district judge erred in resolving the non-constitutional question, then no certificate of appealability should issue even if the constitutional question alone would have justified an appeal." ***Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003)**.

The Court finds that it is beyond argument that Petitioner's petition for writ of habeas corpus was untimely under the strict time limitations provided by **28 U.S.C. § 2244(d)**. Furthermore, based on Seventh Circuit precedent, the Court correctly held that equitable tolling does not apply under the circumstances. Accordingly, Petitioner's motion requesting a certificate of appealability (Doc. 19) is **DENIED**. Petitioner's motion for leave to appeal in forma pauperis (Doc. 21) is, therefore, **MOOT**.

**IT IS SO ORDERED.**

Signed this 21st day of April, 2008.

/s/     David R Herndon
**Chief Judge
United States District Judge**